**FILED**
**Dec 20, 2019**
**10:33 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| Elizabeth Harrison, | ) | Docket No. 2018-01-0699 |
|     Employee, | ) | |
| v. | ) | |
| Chattanooga Staffing, | ) | State File No. 58404-2018 |
|     Employer, | ) | |
| And | ) | |
| Technology Insurance Co., | ) | Judge Audrey Headrick |
|     Carrier. | ) | |

---

## AMENDED EXPEDITED HEARING ORDER
### *(Decision on the Record)*

---

This case came before the Court on Chattanooga Staffing's Request for an Expedited Hearing on the record[1] seeking an order discontinuing Ms. Harrison's temporary disability benefits and denying medical benefits. Chattanooga Staffing disputes that her alleged injuries arose primarily out of her employment. For the reasons below, the Court holds Ms. Harrison is not entitled to benefits at this time.

### History of Claim

On July 16, 2018, while working as a caregiver for Chattanooga Staffing, Ms. Harrison moved a client and experienced a tearing/burning sensation across her neck into her left shoulder. In June 2019, the Court ordered Chattanooga Staffing to pay past and ongoing temporary disability benefits.[2] At that time, the parties agreed that she was entitled to medical benefits.

One day later, Chattanooga Staffing filed a Motion to Reopen Proof and submitted

---

[1] The Court issued a docketing notice allowing the parties until December 13 to file objections or submit position statements.

[2] Ms. Harrison testified by affidavit that Chattanooga Staffing terminated her temporary disability benefits on October 21, 2019, without explanation. It is unknown whether Chattanooga Staffing filed the required Form C-26 and cited the basis for termination.

a causation letter and response from panel physician Dr. Alex Sielatycki. The Court denied the motion for lack of good cause in the late filing and the prejudice to Ms. Harrison in depriving her of the opportunity to secure additional proof or question Dr. Sielatycki regarding his opinions. Later, Chattanooga Staffing filed a Request for Expedited Hearing disputing Ms. Harrison's entitlement to benefits.

To support its Request for Expedited Hearing, Chattanooga Staffing submitted Dr. Sielatycki's causation responses regarding Ms. Harrison's conditions. When asked if the employment contributed more than fifty percent in causing Ms. Harrison's cervical and left-shoulder conditions, Dr. Sielatycki responded, "[g]iven reports from prior hospitals, I cannot state her disc disease definitely > 50% related." Dr. Sielatycki responded similarly when asked whether her employment contributed more than fifty percent to the need for surgical intervention for her cervical spine. Specifically, he wrote that, while surgery is warranted to treat her condition, he "cannot prove the need for surgery is > 50% related to the injury in question." Chattanooga Staffing denied the cervical surgery that Dr. Sielatycki recommended based on his causation responses.

### Findings of Fact and Conclusions of Law

*Standard Applied*

To prevail at an expedited hearing, Ms. Harrison must show a likelihood of prevailing at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019). The Court holds she did not.

*Causation*

Chattanooga Staffing requested that the Court enter an order discontinuing the temporary disability benefits previously ordered and deny further medical benefits. To prove entitlement to medical benefits, Ms. Harrison must show, to a reasonable degree of medical certainty, that the incident "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14). Likewise, an aggravation of a pre-existing condition is compensable only if "it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." *Id.* As a panel physician, Dr. Sielatycki's opinions regarding causation "shall be presumed correct but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(14)(E).

Applying these principles, the Court finds that Ms. Harrison presented no testimony or other proof to contradict Dr. Sielatycki's causation responses. For that reason, the Court holds that Ms. Harrison failed to overcome the statutory presumption afforded to Dr. Sielatycki. Therefore, the Court holds Ms. Harrison is not likely to

prevail at a hearing on the merits that she is entitled to further medical benefits and, likewise, the Court holds that Chattanooga Staffing may terminate temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court grants Chattanooga Staffing's request and denies Ms. Harrison's medical benefits and temporary disability benefits.

2. This case is set for a Status Hearing on Thursday, February 27, 2019, at 10:00 a.m. Eastern Time. The parties must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED December 20, 2019.**

**Judge Audrey A. Hendrick**
**Court of Workers' Compensation Claims**

3

# APPENDIX

Exhibits:
1. Affidavit of Elizabeth Harrison, February 8, 2019
2. First Report
3. Wage Statement
4. Panels
5. Notice of First Payment of Compensation
6. Written Declaration of Suzanne Jesucat
7. Medical records of Elizabeth Harrison with a Table of Contents:
   a. DACHC UMA Clinic
   b. Physicians Care
   c. Justin M. Arnold, M.D.
   d. J. Alex Sielatycki, M.D.
8. Medical records of Andrew E. Mendoza, M.D.
9. Suzanne Jesucat's letter dated November 29, 2018
10. Photo of Annie Mae Jones
11. Affidavit of Suzanne Jesucat
12. Medical questionnaire completed by Dr. Sielatycki on June 3, 2019
13. Affidavit of Suzanne Jesucat
14. Affidavit of Elizabeth Harrison, December 5, 2019
15. Panel (Dr. Sielatycki)

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing (Ms. Harrison)
4. Pre-Hearing Brief of Employer and Insurer
5. Order Granting Motion to Continue
6. Order Setting Expedited Hearing
7. Second Pre-Hearing Brief of Employer and Insurer
8. Employer's Motion to Quash Employee's Subpoena of Suzanne Jessicat to Testify
9. Employer's Amended Motion to Quash Employee's Subpoena of Suzanne Jessicat to Testify
10. Notice of Appearance
11. Witness and Exhibit List
12. Prehearing Brief of Elizabeth Harrison
13. Amended List of Witnesses and Exhibits
14. Order Granting Motion to Quash Employer's Subpoena of Suzanne Jessicat to Testify
15. Amendment to Witness List
16. Motion to Reopen Proof
17. Objection of Elizabeth Harrison to Employer's Motion to Reopen Proof

4

18. Expedited Hearing Order
19. Order Denying Motion to Reopen Proof
20. Motion for Expedited Hearing to Terminate Temporary Indemnity Benefits and Medical Benefits
21. Request for Expedited Hearing (Chattanooga Staffing)
22. Objection to Request for Expedited Hearing
23. Dispute Certification Notice
24. Docketing Notice Decision on the Record
25. Request for Expedited Hearing (Ms. Harrison)
26. Elizabeth Harrison's Position Statement on Employer's Expedited Hearing on the Record
27. Employer/Carrier's Position Statement

## CERTIFICATE OF SERVICE

I certify that a copy of this Amended Expedited Hearing Order was sent as indicated below on December 20, 2019.

| Name | Certified Mail | Email | Service sent to: |
|------|------|------|------|
| Charles G. Wright, Jr., Employee Attorney | | X | wrightandwoodard@gmail.com |
| Brent A. Morris, Rosalia Fiorello, Employer Attorneys | | X <br> X | bmorris@wimberlylawson.com <br> rfiorello@wimberlylawson.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

Employee _____

v.

Employer _____

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

Judge _____

**Statement of the Issues**

Provide a short and plain statement of the Issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

Type of Case [Check the most appropriate item]

☐  Temporary disability benefits
☐  Medical benefits for current injury
☐  Medical benefits under prior order issued by the Court

**List of Parties**

Appellant (Requesting Party): _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐Employer ☐Employee

**Appellee's Address:** _____

**Appellee's Phone:** _____ Email: _____

**Attorney's Name:** _____ BPR#: _____

**Attorney's Address:** _____ Phone: _____

**Attorney's City, State & Zip code:** _____

**Attorney's Email:** _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____day of _____, 20___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries         $ _____ per month    Telephone      $ _____ per month
Electricity       $ _____ per month    School Supplies $ _____ per month
Water             $ _____ per month    Clothing        $ _____ per month
Gas               $ _____ per month    Child Care      $ _____ per month
Transportation    $ _____ per month    Child Support   $ _____ per month
Car               $ _____ per month
Other             $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____    (FMV) _____
Checking/Savings Acct.  $ _____
House                   $ _____    (FMV) _____
Other                   $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires: _____


LB-1108 (REV 11/15)                                      RDA 11082